UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| LMR CONSTRUCTION LLC, | CIVIL ACTION |
| | NO. 5:16-337-KKC |
| Plaintiff, | |
| | |
| V. | OPINION & ORDER |
| | |
| JPMORGAN CHASE BANK, | |
| NATIONAL ASSOCIATION, | |
| Defendant. | |

*** *** ***

This matter is before the Court on plaintiff LMR Construction LLC's motion for a permanent injunction. (DE 1-1; DE 6). In response to LMR's motion, defendant JPMorgan Chase Bank, National Association filed a motion to dismiss LMR's petition on the grounds that it failed to state a claim. (DE 7). For the following reasons, Chase's motion to dismiss is **GRANTED** and LMR's motion for a permanent injunction is **DENIED**.

LMR is a Kentucky limited liability company that has performed construction projects in various states, including Kentucky, Tennessee, Texas, and Idaho. (DE 6, Mem. at 2). In 2015, LMR opened three accounts with Chase, using the branch located at 201 East Main Street, Lexington, Kentucky 40507 (DE 6-1, Bishop Aff. ¶ 2). Also in 2015, LMR found itself in a precarious financial position, which led it to obtain cash advance loans from out-of-state lenders. (DE 6, Mem. at 2). Some of the out-of-state lenders required LMR to sign a "Confession of Judgment" at the time of obtaining the loans. (DE 6-1, Bishop Aff. ¶ 7).

On or about August 22, 2016, Chase notified LMR that the bank had been served with a judgment entered by the Supreme Court of the State of New York, County of Westchester.

(DE 6-1, Bishop Aff. ¶ 8). Chase received two levies and demands sent to its office in Indianapolis, Indiana, from the office of the New York City Marshal relating to two cases against LMR. (DE 8-3, Ex. 3 at 5, 19, 23). Acting upon the legal process it received, Chase froze LMR's accounts.

Chase's actions in freezing LMR's accounts led LMR to file suit in Fayette County Circuit court in Fayette County, Kentucky. Chase then removed the action to this Court.

In its motion for a permanent injunction, LMR essentially argues that Chase improperly froze its accounts. LMR's argument is based on the theory that Chase should have required the third-party creditor to follow applicable New York and Kentucky law. (DE 6, Mem. at 9). As a remedy for this asserted wrong, LMR asks that the Court order Chase to unfreeze LMR's accounts and reimburse LMR in full for any funds that may have been delivered to the third-party creditor.[1]

In response to LMR's petition for relief and motion for permanent injunction, Chase has filed a motion to dismiss for failure to state a claim. (DE 7). In its motion, Chase argues that its actions in freezing LMR's accounts were proper. The Court must first address Chase's motion to dismiss.

Chase's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). That rule is a mechanism to enforce Rule 8, which governs the sufficiency of a complaint. In determining whether a plaintiff has properly pled a claim, the Supreme Court has stated that: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[1] For ease of reference, and because LMR's complaint avers only one, the Court will refer to the third-party creditor in the singular.

As a preliminary matter, the Court notes that the parties in this case had an agreement that permitted Chase to freeze LMR's accounts without having to determine the validity or enforceability of the legal process it received. (DE 8-2, Ex. 2 at 23). Such a contractual agreement has served as a basis upon which another United States District Court has dismissed a case with a similar posture. *See McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 274 (E.D.N.Y. 2011).

The parties have argued various legal theories in support of their positions. However, as the Court views the record, the dispositive question is whether LMR's accounts with Chase are located in Kentucky.[2] Answering this question will require the Court to address the specific component of LMR's argument that the third-party creditor's judgment did not comply with Kentucky's registration requirements, and therefore, Chase acted improperly in freezing the accounts.

Although LMR states that its accounts with Chase "were opened and operate out of a Kentucky Chase Bank" branch (DE 1-1, Mtn. ¶ 1), LMR has not plead any facts to demonstrate that this is true. Further, by failing to plead any facts that show its accounts with Chase are located in Kentucky, LMR has also failed to demonstrate why compliance with the Kentucky Uniform Enforcement of Foreign Judgments Act would be required.[3]

Even further, LMR has not shown that the third-party creditor and Chase, by extension, have acted improperly under New York law. Instead, although the Court need not decide the issue of validity of the New York levies, a review of the case law reveals that, under New York law, a court in New York, upon obtaining personal jurisdiction over a garnishee bank, may order that party to garnish property owned by a judgment debtor and deliver it to a

---

[2] As will be discussed below, Kentucky case law views LMR's accounts as debts owed by Chase to LMR.

[3] The Court notes that, even if registration were required, the third-party creditor that LMR argues has not complied with Kentucky and New York law is not even a party to the present lawsuit. *See* Fed. R. Civ. P. 19 (outlining rule for the required joinder of parties).

judgment creditor, even when that property is located outside of New York. *See McCarthy*, 759 F. Supp. 2d at 275 (applying *Koehler v. Bank of Bermuda Ltd.*, 911 N.E.2d 825, 833 (N.Y. 2009)).

Important in this rule is the distinction between pre-judgment attachment and post-judgment enforcement. Pre-judgment attachment is based on jurisdiction over property, and post-judgment enforcement is based on jurisdiction over persons only. *Koehler*, 911 N.E.2d at 829. For pre-judgment attachment, *in rem* jurisdiction is a requirement to protect the interests of third parties as to any assets that are in dispute. *Id.* at 830–31. However, in post-judgment enforcement proceedings, *in rem* jurisdiction is not required. *Id.* at 831.

Indeed, "the law of pre-judgment remedies, while suggestive, does not automatically govern post-judgment remedies, which are available only after all doubt as to liability has been erased." *McCarthy*, 759 F. Supp. 2d at 276 (quoting *McCahey v. L.P. Inv'rs*, 774 F.2d 543, 548 (2d Cir. 1985)). Instead, if a level of procedural protection including notice and a hearing is not constitutionally required for pre-judgment attachment when liability has not been determined, "[a] fortiori, it can hardly be required where the creditor's claim has been finally confirmed by a court, and where the risk that the debtor will conceal assets is stronger than in the prejudgment context." *Id.* (quoting *McCahey*, 774 F.2d at 550).

A second important distinction in the application of this rule in the banking context is whether the bank, acting as a garnishee, is an international or domestic branch. LMR argues that The Empire State recognizes a "separate entity rule," which proposes that, in the instance of banking for post-judgment enforcement as well as pre-judgment attachment purposes, all bank branches are separate entities over which a court must obtain individual personal jurisdiction. However, courts have limited the application of the separate entity rule to the international context. *See Motorola Credit Corp. v. Standard Chartered Bank*, 21

N.E.3d 223, 229 (N.Y. 2014) ("As a longstanding common-law doctrine, the separate entity rule functions as a limiting principle in the context of international banking, particularly in situations involving attempts to restrain assets held in a garnishee bank's foreign branches."); *see also Regions Equip. Fin. Corp. v. Blue Tee Corp.*, 313 F.R.D. 468, 571 (E.D. Mo. 2016).

Here, LMR is suing JPMorgan Chase Bank, *National Association*, not the individual Kentucky branch. It is clear that Chase has availed itself to the courts in New York and is subject to personal jurisdiction within that state. Additionally, Chase's principal office is in Columbus, Ohio, and the order to "freeze, levy, and/or otherwise garnish" the Chase accounts was delivered to Chase's office designated for levies and garnishments in Indiana. Chase has presence in multiple states. As such, once frozen, an account is presumably frozen everywhere.

Moreover, the New York levies do not appear to have offended Kentucky law. Instead, under the case law of the Commonwealth, a bank account is considered a debt owed by the bank to the account holder. *See Ferguson Enters., Inc. v. Main Supply, Inc.*, 868 S.W.2d 98, 99 (Ky. Ct. App. 1993). Therefore, the account is reachable by post-judgment enforcement proceedings wherever the bank is subject to personal jurisdiction. *See Pittsburgh, C., C. & St. Louis Ry. Co. v. Bartels*, 56 S.W. 152, 153 (Ky. 1900) ("A mere debt is transitory, and may be enforced wherever the debtor or his property may be found; and, if the creditor can enforce the collection of his debt in the courts of this state, a creditor of such creditor should have equal facilities."); *see also* Restatement (Second) of Conflicts of Laws § 68 (Am. Law Inst. 1971).

Thus, in the context of the principles of New York and Kentucky law outlined above, LMR has failed to state a claim for which relief can be granted.

Accordingly, Chase's motion to dismiss (DE 7) is **GRANTED** and LMR's motion for permanent injunction (DE 1-1; DE 6) is **DENIED**.

Dated August 1, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY